IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

| | | |
|---|---|---|
| CONFERENCE AMERICA, INC. | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 2:06-CV-149-WKW |
| | ) | |
| v. | ) | |
| | ) | |
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Defendant. | ) | |

ANSWER

In answer to plaintiff's complaint, defendant United States of America admits, denies, and alleges as follows:

FIRST DEFENSE

Because plaintiff has not filed a timely claim for refund of federal excise tax paid with respect to all calendar quarters of 2000 and 2001, the Court lacks subject matter jurisdiction over this action as it pertains to the federal excise taxes allegedly paid for those calendar quarters.

SECOND DEFENSE

In answer to the specifically enumerated paragraphs of plaintiff's complaint, defendant admits, denies, and alleges as follows:

**Introduction**

Denies the allegations contained in the first sentence of the introduction, except admits that plaintiff brings an action for a refund of excise tax in the amount of $258,392.75, and lacks sufficient knowledge or information to form a belief in the truth of the allegation that the excise

1718473.1

tax was collected by the Internal Revenue Service. Denies the allegations contained in the second sentence of the introduction. Lacks sufficient knowledge or information to form a belief in the truth of the allegations contained in the third and fourth sentences of the introduction. Admits the allegations contained in the fifth sentence of the introduction.

1. Denies the allegations contained in paragraph 1 of the complaint, except admits that for the first quarter of 2002 through the last quarter of 2004, plaintiff brings this action pursuant to 26 U.S.C. Section 7422 for a refund of federal excise tax that it alleges to have overpaid.

## Parties and Jurisdiction

### The Parties

2. Admits the allegations contained in paragraph 2 of the complaint.

3. Admits the allegations contained in paragraph 3 of the complaint.

4. Admits the allegations contained in paragraph 4 of the complaint.

### Jurisdiction

5. Denies the allegations contained in paragraph 5 of the complaint, except admits that pursuant to 28 U.S.C. Section 1346(a)(1), the Court has jurisdiction over plaintiff's claims for a refund of the pertinent federal excise tax allegedly paid with respect to the first quarter of 2002 through the last quarter of 2004.

6. Admits the allegations contained in paragraph 6 of the complaint, to the extent that the Court otherwise has subject matter jurisdiction over this action.

Factual Allegations

## COUNT I

### (2002, 2003, and 2004 Tax Years)

7. Defendant realleges and incorporates its answer to paragraphs 1-6 of the complaint.

8. Admits the allegations contained in paragraph 8 of the complaint, except lacks sufficient knowledge or information to form a belief in the truth of the allegations with respect to the specific amount of federal excise tax paid by plaintiff.

9. Lacks sufficient knowledge or information to form a belief in the truth of the allegations contained in paragraph 9 of the complaint.

10. Lacks sufficient knowledge or information to form a belief in the truth of the allegations contained in paragraph 10 of the complaint.

11. Lacks sufficient knowledge or information to form a belief in the truth of the allegations contained in paragraph 11 of the complaint.

12. Admits the allegations contained in paragraph 12 of the complaint, except lacks sufficient knowledge or information to form a belief in the truth of the allegation that plaintiff paid the federal excise tax described in paragraph 12 of the complaint.

13. Admits the allegations contained in paragraph 13 of the complaint, except denies all allegations contained in Exhibit A to the complaint, unless otherwise admitted.

14. Alleges that paragraph 14 of the complaint is a conclusion of law to which no response is required. To the extent that a response is required, the allegations contained in paragraph 14 are admitted.

15. Alleges that paragraph 15 of the complaint is a conclusion of law to which no response is required. To the extent that a response is required, the allegations contained in paragraph 15 are admitted, except that defendant alleges that "toll telephone" service is not the exclusive service constituting a "communication service," as the term is used at 26 U.S.C. Section 4251(a).

16. Alleges that paragraph 16 of the complaint is a conclusion of law to which no response is required. To the extent that a response is required, the allegations contained in paragraph 16 are admitted, except that defendant alleges 26 U.S.C. Section 4251(b)(1) is not the exclusive definition of "toll telephone service."

17. Lacks sufficient knowledge or information to form a belief in the truth of the allegations contained in paragraph 17 of the complaint.

18. Lacks sufficient knowledge or information to form a belief in the truth of the allegations contained in paragraph 18 of the complaint.

19. Alleges that paragraph 19 of the complaint is a conclusion of law to which no response is required. To the extent that a response is required, the allegations contained in paragraph 19 are admitted, except that defendant alleges that WATS is not the exclusive service defined at 26 U.S.C. Section 4252(b)(2).

20. Lacks sufficient knowledge or information to form a belief in the truth of the allegations contained in paragraph 20 of the complaint.

21. Admits the allegations contained in paragraph 21 of the complaint.

22. Lacks sufficient knowledge or information to form a belief in the truth of the allegations contained in paragraph 22 of the complaint, except admits that defendant has not issued to plaintiff a refund of the federal excise tax that plaintiff seeks to recover in this action.

23. Lacks sufficient knowledge or information to form a belief in the truth of the allegations contained in paragraph 23 of the complaint.

## COUNT II

### (2000 and 2001 Tax Years)

24. Defendant realleges and incorporates its answer to paragraphs 1-6 of the complaint.

25. Admits the allegations contained in paragraph 25 of the complaint, except lacks sufficient knowledge or information to form a belief in the truth of the allegations with respect to the specific amount of federal excise tax paid by plaintiff.

26. Lacks sufficient knowledge or information to form a belief in the truth of the allegations contained in paragraph 26 of the complaint.

27. Lacks sufficient knowledge or information to form a belief in the truth of the allegations contained in paragraph 27 of the complaint.

28. Lacks sufficient knowledge or information to form a belief in the truth of the allegations contained in paragraph 28 of the complaint.

29. Denies the allegations contained in the first and third sentences of paragraph 29 of the complaint. Lacks sufficient knowledge or information to form a belief in the truth of the allegations contained in the second sentence of paragraph 29 of the complaint.

30. Admits the allegations contained in paragraph 30 of the complaint, except denies all allegations contained in Exhibit B to the complaint, unless otherwise admitted.

31. Denies the allegations contained in the first and third sentences of paragraph 31 of the complaint. Lacks sufficient knowledge or information to form a belief in the truth of the allegations contained in the second sentence of paragraph 31 of the complaint.

32. Admits the allegations contained in paragraph 32 of the complaint, except denies all allegations contained in Exhibit C to the complaint, unless otherwise admitted.

33. Alleges that paragraph 33 of the complaint is a conclusion of law to which no response is required. To the extent that a response is required, the allegations contained in paragraph 33 are admitted.

34. Alleges that paragraph 34 of the complaint is a conclusion of law to which no response is required. To the extent that a response is required, the allegations contained in paragraph 34 are admitted, except that defendant alleges that "toll telephone" service is not the exclusive service constituting a "communication service," as the term is used at 26 U.S.C. Section 4251(a).

35. Alleges that paragraph 35 of the complaint is a conclusion of law to which no response is required. To the extent that a response is required, the allegations contained in paragraph 35 are admitted, except that defendant alleges 26 U.S.C. Section 4251(b)(1) is not the exclusive definition of "toll telephone service."

36. Lacks sufficient knowledge or information to form a belief in the truth of the allegations contained in paragraph 36 of the complaint.

37. Lacks sufficient knowledge or information to form a belief in the truth of the allegations contained in paragraph 37 of the complaint, except denies that plaintiff is entitled to a refund of federal excise tax paid with respect to all calendar quarters of 2000 and 2001.

38. Alleges that paragraph 38 of the complaint is a conclusion of law to which no response is required. To the extent that a response is required, the allegations contained in paragraph 37 are admitted, except that defendant alleges that WATS is not the exclusive service defined at 26 U.S.C. Section 4252(b)(2).

39. Lacks sufficient knowledge or information to form a belief in the truth of the allegations contained in paragraph 39 of the complaint.

40. Denies the allegations contained in paragraph 40 of the complaint.

41. Admits the allegations contained in paragraph 41 of the complaint, except lacks sufficient knowledge or information to form a belief in the truth of the allegation that pages 7-10 were included as part of the letter identified in the first sentence of paragraph 41 of the complaint.

42. Admits the allegations contained in paragraph 42 of the complaint.

43. Denies the allegations contained in paragraph 43 of the complaint.

44. Denies the allegations contained in paragraph 44 of the complaint.

45. Lacks sufficient knowledge or information to form a belief in the truth of the allegations contained in paragraph 45 of the complaint, except admits that defendant has not issued a refund to plaintiff of the federal excise tax at issue.

46. Lacks sufficient knowledge or information to form a belief in the truth of the allegations contained in paragraph 46 of the complaint.

WHEREFORE, defendant prays that plaintiff take nothing on its claims, that this action be dismissed with prejudice, that defendant recover its costs, and that the Court award such further relief that justice may require.

        LEURA G. CANARY
        United States Attorney

        s/ Michael N. Wilcove
        _____
        MICHAEL N. WILCOVE
        Trial Attorney, Tax Division
        U.S. Department of Justice
        P.O. Box 14198
        Ben Franklin Station
        Washington, D.C.  20044
        Telephone:  (202) 514-6474
        Telefax: (202) 514-9868
        Michael.N.Wilcove@usdoj.gov

**CERTIFICATE OF SERVICE**

IT IS HEREBY CERTIFIED that service of the foregoing Answer has been made on plaintiff's counsel this 22nd day of May 2006 through the Court's e-filing system.

                                                s/ Michael N. Wilcove

                                                Trial Attorney, Tax Division
                                                U. S. Department of Justice
                                                Post Office Box 14198
                                                Washington, D.C.  20044