IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

| | | |
|---|---|---|
| CONFERENCE AMERICA | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 2:06-CV-149-WKW |
| v. | ) | |
| | ) | |
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Defendant. | ) | |

**FIRST STATUS REPORT**

Pursuant to the Court's order entered on June 1, 2006, the parties submit this status report.

During the periods at issue, plaintiff purchased from Sprint long distance telephone service. Plaintiff alleges that it paid the tax to Sprint, who, in turn, paid the tax to the Internal Revenue Service. The federal excise tax at issue is set forth at Section 4251 of the Internal Revenue Code (26 U.S.C.). Plaintiff asserts that the toll charge for its long distance service was measured by elapsed time only, and, therefore not subject to the tax. During the periods at issue, the Government contended that long distance service is subject to the excise tax if the toll charge for the service is measured by either distance or elapsed time. The Government has now

1778221.1

abandoned that argument and concedes that the tax is not imposed on long distance service that is subject to a toll charge measured solely by elapsed time. *See* Notice 2006-50. Provided that the Court has subject matter jurisdiction, the United States will consent to judgment to the extent that plaintiff substantiates the amount of tax paid and that the long distance services purchased from Sprint fall within the scope of Notice 2006-50.

Defendant has, in writing, advised plaintiff of the documents that it will need to establish the nature of the long distance service that plaintiff purchased from Sprint and the amount of federal excise tax overpaid. Plaintiff is in the process of assembling the documents.

The parties continue to dispute whether the Court has subject matter jurisdiction over plaintiff's claims for all calendar quarters of 2000 and 2001. Section 7422 of the Internal Revenue Code precludes a refund action without the filing of a claim for refund within the limitations period set forth at 26 U.S.C. Section 6511(a). The Government contends that plaintiff was required to file a claim for refund within three years after the Sprint filed its Form 720's for the respective quarters. The excise tax returns are required to be filed quarterly and are due by the end of the second month following the end of the calendar quarter. For all calendar quarters of 2000 and 2001, the Government contends that plaintiff's refund claims were not timely filed.

Plaintiff contends that section 6511 is limited and only applies to tax refund claims filed by taxpayers who are "required to file a return" for the particular tax they have overpaid or claim to have overpaid. Although Plaintiff is the taxpayer, it is not "required to file a return," as stated in 26 U.S.C. § 6511(a). Rather, Sprint, acting as the IRS's collecting agent, collected the tax from Plaintiff and filed the returns. As a result, according to plaintiff, the six year statute of limitations set forth at 28 U.S.C. Section 2401 applies. A similar issue is pending in a case before the United States Court of Appeals for the 11th Circuit that will likely have an impact on this case. *See* Wachovia Bank v. United States, Case No. 05-12614 (11th Cir.).

After the Eleventh Circuit renders its decision, the parties will revisit this issue.

s/ Thomas E. Borton, IV

_____
THOMAS E. BORTON, IV
TROUTMAN SANDERS
5200 Bank of America Plaza
600 Peachtree St. N.E.
Atlanta, Georgia 30308-2216
Telephone: (404) 885-3275
Telefax; (404) 962-6859
thomas.borton@troutmansanders.com

LEURA G. CANARY
United States Attorney


 s/ Michael N. Wilcove
_____
MICHAEL N. WILCOVE
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 14198
Ben Franklin Station
Washington, D.C. 20044
Telephone: (202) 514-6474
Telefax: (202) 514-9868
Michael.N.Wilcove@usdoj.gov

1634347.1
1778221.1