IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| CONFERENCE AMERICA, INC.,   ) | |
| )  | |
| Plaintiff,   ) | |
| ) | CIVIL ACTION FILE |
| v.   ) | NO.: 2:06-cv-00149 |
| ) | |
| UNITED STATES OF AMERICA   ) | |
| ) | |
| Defendant.   ) | |

**FIRST AMENDED COMPLAINT**

**Introduction**

Conference America, Inc. ("Conference America") brings this action for refund of excise taxes in the amount of $294,320.32, collected by the Internal Revenue Service based on a misinterpretation of the Internal Revenue Code of 1986 ("Code"). Sections 4251 and 4252 of the Code (26 U.S.C. §§ 4251 and 4252) demand that in order to be taxable long distance service, distance must be a factor in determining the charges. The Internal Revenue Service, however, collected excise taxes for long distance service for which Conference America was billed based solely on the duration of each call. Because distance was not a factor in determining charges, Conference America is entitled to a refund of these taxes.

Plaintiff, through its attorneys, accordingly files its Complaint against the United States of America as follows:

1. Conference America brings this action under sections 6532 and 7422 of the Code for a refund on federal excise taxes Conference America paid the Defendant United States of America ("Defendant") with respect to claims made for (i) the taxable quarters ended March 31, 2002 through December 31, 2005 and (ii) the taxable quarters ended March 31, 2000 through December 31, 2001, and statutory interest on all of these claims.

## Parties and Jurisdiction

### The Parties

2. Conference America is an Alabama corporation whose corporate headquarters and principal place of business are located in Montgomery, Alabama. Conference America's address is 7079 University Court, Montgomery, Alabama 36117.

3. Conference America's Employer Identification Number is 63-1070221.

4. Defendant is the United States of America.

### Jurisdiction and Venue

5. Jurisdiction is conferred upon this Court under 28 U.S.C. § 1346(a)(1).

6. Venue is proper within this District under 28 U.S.C. § 1402(a)(2) because Conference America's principal place of business is within this judicial district.

**Factual Allegations**

**COUNT I**
**(2002, 2003, 2004 and 2005 Tax Years)**

7. Conference America realleges and incorporates paragraphs 1 through 6 of its Complaint as is fully restated herein.

8. Conference America seeks to recover federal excise taxes in the amount of $181,212.22, together with interest as provided by law, for taxes paid during the 2002, 2003, 2004 and 2005 tax years.

9. Conference America paid the taxes at issue during the quarter ended March 31, 2002 through the quarter ended December 31, 2005.

10. During the quarters listed above, Conference America purchased intrastate, interstate, and international long distance telephone service from Sprint ("Conference America's Services").

11. Sprint collected federal excise taxes from Conference America in the amount of $181,212.22, remitted the taxes to the Internal Revenue Service, and reported the taxes on Forms 720.

12. On April 29, 2005, Conference America timely filed claims for refund of $145,284.15 of the $181,212.22 sought in Count I. This is the aggregate amount of taxes paid by Conference America with respect to the taxable quarters ended March 31, 2002 through December 31, 2004. These claims for refund satisfy the requirements of sections 6532 and 7422 of the Code.

13. Attached hereto as **Exhibit A** are true and correct copies of the Forms 8849 filed for the taxable quarters ended March 31, 2002 through December 31, 2004.

14. On January 23, 2006, Conference America timely filed claims for refund of $35,928.07 of the $181,212.22 sought in Count I. This is the aggregate amount of taxes paid by Conference America with respect to the taxable quarters ended March 31, 2005 through December 31, 2005. These claims for refund satisfy the requirements of sections 6532 and 7422 of the Code.

15. Attached hereto as **Exhibit A-2** are true and correct copies of the Forms 8849 filed for the taxable quarters ended March 31, 2005 through December 31, 2005.

16. Section 4251(a) imposes tax on amounts paid for "communications services." The tax is imposed on the "person paying for such services."

17. Section 4252(b)(1)(B) provides that the term "communications services" means "toll telephone service."

18. Section 4252(b)(1) provides that the term "toll telephone service" means "a telephonic quality communication for which (A) there is a toll charge which varies in amount with the distance and elapsed transmission time of each individual communication **and** (B) the charge is paid within the United States." The service described in section 4252(b)(1) is referred to below as "taxable long distance service."

19. With the exception of calls to and from Mexico, however, Sprint's charges for Conference America's Services were based solely on the duration of each call, *i.e.*, the "elapsed transmission time." Distance was **not** a factor in determining charges.

20. Accordingly, the service did not constitute taxable long distance service under section 4251(a), section 4251(b)(1)(B), and section 4252(b)(1), and Conference America is entitled to a refund of all taxes paid through Sprint on such service.

21. Section 4252(b)(2) provides that the term "toll telephone service" includes wide area telephone service, also known as WATS. WATS is defined as:

> service which entitles the subscriber, upon payment of a periodic charge (determined as a flat amount or upon the basis of total elapsed

transmission time) to the privilege of an unlimited number of telephonic communications to or from all or a substantial portion of the persons having telephone or radio telephone stations in a specified area which is outside the local telephone system area in which the station provided with this service is located.

22.     Conference America's Services did not constitute WATS as defined in section 4252(b)(2).  In particular, the service did not entitle the taxpayer to an unlimited number of calls to a specified service area for which a charge was made based on a flat fee or elapsed transmission time.  Instead, Sprint provided the taxpayer with telephone service to any location in the United States for which Conference America was charged an amount that varied based upon the time of each individual call.

23.     The Internal Revenue Service has not allowed Conference America's claims for refund.  More than six months have passed since the filing of the refund claims.

24.     By reason of the foregoing, Conference America has overpaid its federal excise tax for the taxable quarters ended March 31, 2002 through December 31, 2005.  Defendant has refused or failed to refund any part of the overpayment.

25.     Conference America is the sole owner of this claim and has made no assignment or transfer of any part of this claim.

WHEREFORE, Conference America prays for judgment against the United States in the sum of $181,212.22 representing overpayments in the taxable years of 2002, 2003, 2004 and 2005, interest thereon as provided by law, and such other and further relief that this Court deems equitable and proper.

## COUNT II
### (2000 and 2001 Tax Years)

26. Conference America realleges and incorporates paragraphs 1 through 6 of its Complaint as is fully restated herein.

27. Conference America seeks to recover federal excise taxes in the amount of $113,108.10, together with interest as provided by law, for taxes paid during the 2000 and 2001 tax years.

28. Conference America paid the taxes at issue during the quarter ended March 31, 2000 through the quarter ended December 31, 2001.

29. During the quarters listed above, Conference America purchased intrastate, interstate, and international long distance telephone service from Sprint ("Conference America's Services").

30. Sprint collected federal excise taxes from Conference America in the amount of $113,108.10, remitted the taxes to the Internal Revenue Service, and reported the taxes on Forms 720.

31. On July 13, 2005, Conference America timely filed claims for refund of the $99,712.93 out of the total amount of $113,108.10 sought in this Claim II. This is the aggregate amount of taxes paid by Conference America with respect to the taxable quarters ended March 31, 2000 through September 30, 2001. These claims for refund satisfy the requirements of sections 6532 and 7422 of the Code.

32. Attached hereto as **Exhibit B** are true and correct copies of the Forms 8849 filed for the taxable quarters ended March 31, 2000 through September 30, 2001.

33. On December 19, 2005, Conference America timely filed a claim for refund for $13,395.17 out of the total amount of $113,108.10 sought in this Claim II. This is the aggregate amount of taxes paid by Conference America with respect to the taxable quarter ending December 31, 2001. This claim for refund satisfies the requirements of sections 6532 and 7422 of the Code.

34. Attached hereto as **Exhibit C** are true and correct copies of the Forms 8849 filed for the taxable quarter ended December 31, 2001.

35. Section 4251(a) imposes tax on amounts paid for "communications services." The tax is imposed on the "person paying for such services."

36. Section 4252(b)(1)(B) provides that the term "communications services" means "toll telephone service."

37. Section 4252(b)(1) provides that the term "toll telephone service" means "a telephonic quality communication for which (A) there is a toll charge which varies in amount with the distance and elapsed transmission time of each individual communication **and** (B) the charge is paid within the United States." The service described in section 4252(b)(1) is referred to below as "taxable long distance service."

38. With the exception of calls to and from Mexico, however, Sprint's charges for Conference America's Services were based solely on the duration of each call, *i.e.*, the "elapsed transmission time." Distance was **not** a factor in determining charges.

39. Accordingly, the service did not constitute taxable long distance service under section 4251(a), section 4251(b)(1)(B), and section 4252(b)(1), and Conference America is entitled to a refund of all taxes paid through Sprint on such service.

40. Section 4252(b)(2) provides that the term "toll telephone service" includes wide area telephone service, also known as WATS. WATS is defined as:

> service which entitles the subscriber, upon payment of a periodic charge (determined as a flat amount or upon the basis of total elapsed transmission time) to the privilege of an unlimited number of telephonic communications to or from all or a substantial portion of the persons having telephone or radio telephone stations in a specified

area which is outside the local telephone system area in which the station provided with this service is located.

41. Conference America's Services did not constitute WATS as defined in section 4252(b)(2). In particular, the service did not entitle the taxpayer to an unlimited number of calls to a specified service area for which a charge was made based on a flat fee or elapsed transmission time. Instead, Sprint provided the taxpayer with telephone service to any location in the United States for which Conference America was charged an amount that varied based upon the time of each individual call.

42. This suit is subject to 28 U.S.C. § 2401 (establishing a general six year statute of limitations for claims (tax or otherwise) against the United States) and not 26 U.S.C. § 6511 (establishing a 3 year statute of limitations for certain tax claims) since section 6511 is limited and only applies to tax refund claims filed by taxpayers who are "required to file a return" for the particular tax they have overpaid or claim to have overpaid. Although Conference America is the taxpayer, it is not "required to file a return," as stated in 26 U.S.C. §6511(a). Rather, Sprint, acting as the IRS's collecting agent, collected the tax from Conference America and filed the returns.

43. By letter dated August 25, 2005, a true and correct copy of which is attached as **Exhibit D**, the IRS notified Conference America that Conference

America's claim for a refund of federal excise taxes for the 2000 and 2001 tax years would not be processed. By transmitted facsimile report on November 29, 2005, a true and correct copy of which is attached as **Exhibit E**, the IRS notified Conference America's attorneys that Conference America's claim had been disallowed because it was untimely.

44.    By letter dated January 26, 2006, a true and correct copy of which is attached as **Exhibit F**, the IRS notified Conference America that Conference America's claim had been disallowed because it was untimely.

45.    The IRS miscalculated the time within which a claim for refund had to be filed with respect to Conference America's overpayment of 2000 and 2001 taxes.

46.    Conference America's claims for refund of 2000 and 2001 taxes were timely filed.

47.    By reason of the foregoing, Conference America has overpaid its federal excise tax for the taxable quarters ended March 31, 2000 through December 31, 2001. Defendant has refused or failed to refund any part of the overpayment.

48.    Conference America is the sole owner of this claim and has made no assignment or transfer of any part of this claim.

WHEREFORE, Conference America prays for judgment against the United States in the sum of $113,108.10 representing overpayments in the taxable years 2000 and 2001, interest thereon as provided by law, and such other and further relief that this Court deems equitable and proper.

WHEREFORE, Conference America prays for judgment against the United States in the total sum of $294,320.32 representing overpayments in the taxable years 2000, 2001, 2002, 2003, 2004 and 2005, interest thereon as provided by law, and such other and further relief that this Court deems equitable and proper.

This 7th day of September, 2006.

TROUTMAN SANDERS LLP

/s/ Thomas E. Borton IV
Thomas E. Borton IV (BOR011)
Georgia Bar No. 068733

5200 Bank of America Plaza        Attorney for Plaintiff Conference
600 Peachtree Street, N.E.        America, Inc.
Atlanta, GA  30308-2216
(404) 885-3275
(404) 962-6859 (fax)

## IN THE UNITED STATES DISTRICT COURT FOR THE
## MIDDLE DISTRICT OF ALABAMA
## NORTHERN DIVISION

| | | |
|---|---|---|
| CONFERENCE AMERICA, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION FILE |
| v. | ) | NO.: 2:06-cv-00149 |
| | ) | |
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Defendant. | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that I have on this day electronically filed Plaintiff Southern Company Services, Inc.'s *FIRST AMENDED COMPLAINT* with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the following attorney of record:

Michael N. Wilcove
U.S. Department of Justice
P.O. Box 14198
Ben Franklin Station
Washington, DC 20044
Phone: (202)-514-6474
Email: Michael.N.Wilcove@usdoj.gov

Respectfully submitted this 7th day of September, 2006.

                      TROUTMAN SANDERS LLP

                      /s/ Thomas E. Borton IV
                      Thomas E. Borton IV (BOR011)
                      Georgia Bar No. 068733

5200 Bank of America Plaza     Attorney for Plaintiff Conference
600 Peachtree Street, N.E.       America, Inc.
Atlanta, GA 30308-2216
(404) 885-3275
(404) 962-6859 (fax)