IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA


CONFERENCE AMERICA, INC.    )
    )
         Plaintiff,    )     Case No. 2:06-CV-149-WKW
    )
       v.    )
    )
UNITED STATES OF AMERICA    )
    )
         Defendant.    )


ANSWER TO FIRST AMENDED COMPLAINT

In answer to plaintiff's first amended complaint, defendant United States of America

admits, denies, and alleges as follows:

FIRST DEFENSE

Because plaintiff has not filed a timely claim for refund of federal excise tax paid with

respect to all calendar quarters of 2000 and 2001, the Court lacks subject matter jurisdiction over

this action as it pertains to the federal excise taxes allegedly paid for those calendar quarters.

SECOND DEFENSE

In answer to the specifically enumerated paragraphs of plaintiff's first amended

complaint, defendant admits, denies, and alleges as follows:

**Introduction**

Lacks sufficient knowledge or information to form a belief in the first paragraph of the

introduction to the first amended complaint, except admits that plaintiff brings an action for a

refund of excise tax in the amount of $294,320.22.  Denies the allegations contained in the

1927075.1

second sentence of the introduction. Lacks sufficient knowledge or information to form a belief

in the truth of the allegations contained in the third and fourth sentences of the introduction,

except denies that plaintiff is entitled to a refund with respect to those periods for which plaintiff

has not timely filed an administrative claim for refund.

1.       Denies the allegations contained in paragraph 1 of the first amended complaint,

except admits that for the first quarter of 2002 through the last quarter of 2005, plaintiff brings

this action pursuant to 26 U.S.C. Section 7422 for a refund of federal excise tax that it alleges to

have overpaid.

## Parties and Jurisdiction

### The Parties

2.       Admits the allegations contained in paragraph 2 of the first amended complaint.

3.       Admits the allegations contained in paragraph 3 of the first amended complaint.

4.       Admits the allegations contained in paragraph 4 of the first amended complaint.


### Jurisdiction

5.       Denies the allegations contained in paragraph 5 of the first amended complaint,

except admits that pursuant to 28 U.S.C. Section 1346(a)(1), the Court has jurisdiction over

plaintiff's claims for a refund of the pertinent federal excise tax allegedly paid with respect to the

first quarter of 2002 through the last quarter of 2005.

6.       Admits the allegations contained in paragraph 6 of the first amended complaint, to

the extent that the Court otherwise has subject matter jurisdiction over this action.

1927075.1

Factual Allegations

## COUNT I

### (2002, 2003, 2004 and 2005 Tax Years)

7.    Defendant realleges and incorporates its answer to paragraphs 1-6 of the first amended complaint.

8.    Admits the allegations contained in paragraph 8 of the first amended complaint, except lacks sufficient knowledge or information to form a belief in the truth of the allegations with respect to the specific amount of federal excise tax paid by plaintiff.

9.    Lacks sufficient knowledge or information to form a belief in the truth of the allegations contained in paragraph 9 of the first amended complaint.

10.    Admits the allegations contained in paragraph 10 of the first amended complaint.

11.    Lacks sufficient knowledge or information to form a belief in the truth of the allegations contained in paragraph 11 of the first amended complaint.

12.    Admits the allegations contained in paragraph 12 of the first amended complaint, except lacks sufficient knowledge or information to form a belief in the truth of the allegation that plaintiff paid the federal excise tax described in paragraph 12 of the first amended complaint.

13.    Admits the allegations contained in paragraph 13 of the first amended complaint, except denies all allegations contained in Exhibit A to the first amended complaint, unless otherwise admitted.

14.    Admits the allegations contained in paragraph 14 of the first amended complaint, except lacks sufficient knowledge or information to form a belief in the truth of the allegation

that plaintiff paid the federal excise tax described in paragraph 14 of the first amended complaint.

15.     Admits the allegations contained in paragraph 15 of the first amended complaint, except denies all allegations contained in Exhibit A-2 to the first amended complaint, unless otherwise admitted.

16.     Alleges that paragraph 16 of the first amended complaint is a conclusion of law to which no response is required. To the extent that a response is required, the allegations contained in paragraph 16 are admitted.

17.     Alleges that paragraph 17 of the first amended complaint is a conclusion of law to which no response is required. To the extent that a response is required, the allegations contained in paragraph 17 are admitted, except that defendant alleges that "toll telephone" service is not the exclusive service constituting a "communication service," as the term is used at 26 U.S.C. Section 4251(a).

18.     Alleges that paragraph 18 of the first amended complaint is a conclusion of law to which no response is required. To the extent that a response is required, the allegations contained in paragraph 18 are admitted, except that defendant alleges 26 U.S.C. Section 4251(b)(1) is not the exclusive definition of "toll telephone service."

19.     Lacks sufficient knowledge or information to form a belief in the truth of the allegations contained in paragraph 19 of the first amended complaint.

20.     Lacks sufficient knowledge or information to form a belief in the truth of the allegations contained in paragraph 20 of the first amended complaint.

1927075.1

21.    Alleges that paragraph 21 of the first amended complaint is a conclusion of law to which no response is required.  To the extent that a response is required, the allegations contained in paragraph 21 are admitted, except that defendant alleges that WATS is not the exclusive service defined at 26 U.S.C. Section 4252(b)(2).

22.    Lacks sufficient knowledge or information to form a belief in the truth of the allegations contained in paragraph 22 of the first amended complaint.

23.    Admits the allegations contained in paragraph 23 of the first amended complaint.

24.    Lacks sufficient knowledge or information to form a belief in the truth of the allegations contained in paragraph 24 of the first amended complaint, except admits that defendant has not issued to plaintiff a refund of the federal excise tax that plaintiff seeks to recover in this action.

25.    Lacks sufficient knowledge or information to form a belief in the truth of the allegations contained in paragraph 25 of the first amended complaint.

**COUNT II**

**(2000 and 2001 Tax Years)**

26.    Defendant realleges and incorporates its answer to paragraphs 1-6 of the first amended complaint.

27.    Admits the allegations contained in paragraph 27 of the first amended complaint, except lacks sufficient knowledge or information to form a belief in the truth of the allegations with respect to the specific amount of federal excise tax paid by plaintiff.

28.    Lacks sufficient knowledge or information to form a belief in the truth of the allegations contained in paragraph 28 of the first amended complaint.

1927075.1

29.     Admits the allegations contained in paragraph 29 of the first amended complaint.

30.     Lacks sufficient knowledge or information to form a belief in the truth of the allegations contained in paragraph 30 of the first amended complaint.

31.     Denies the allegations contained in the first and third sentences of paragraph 31 of the first amended complaint.  Lacks sufficient knowledge or information to form a belief in the truth of the allegations contained in the second sentence of paragraph 31 of the first amended complaint.

32.     Admits the allegations contained in paragraph 32 of the first amended complaint, except denies all allegations contained in Exhibit B to the first amended complaint, unless otherwise admitted.

33.     Denies the allegations contained in the first and third sentences of paragraph 31 of the first amended complaint.  Lacks sufficient knowledge or information to form a belief in the truth of the allegations contained in the second sentence of paragraph 33 of the first amended complaint.

34.     Admits the allegations contained in paragraph 34 of the first amended complaint, except denies all allegations contained in Exhibit C to the first amended complaint, unless otherwise admitted.

35.     Alleges that paragraph 35 of the first amended complaint is a conclusion of law to which no response is required.  To the extent that a response is required, the allegations contained in paragraph 35 are admitted.

36.     Alleges that paragraph 36 of the first amended complaint is a conclusion of law to which no response is required.  To the extent that a response is required, the allegations

1927075.1

contained in paragraph 36 are admitted, except that defendant alleges that "toll telephone"

service is not the exclusive service constituting a "communication service," as the term is used at

26 U.S.C. Section 4251(a).

37.    Alleges that paragraph 37 of the first amended complaint is a conclusion of law to

which no response is required.  To the extent that a response is required, the allegations

contained in paragraph 37 are admitted, except that defendant alleges 26 U.S.C. Section

4251(b)(1) is not the exclusive definition of "toll telephone service."

38.    Lacks sufficient knowledge or information to form a belief in the truth of the

allegations contained in paragraph 38 of the first amended complaint.

39.    Lacks sufficient knowledge or information to form a belief in the truth of the

allegations contained in paragraph 39 of the first amended complaint, except denies that plaintiff

is entitled to a refund of federal excise tax paid with respect to all calendar quarters of 2000 and

2001.

40.    Alleges that paragraph 38 of the first amended complaint is a conclusion of law to

which no response is required.  To the extent that a response is required, the allegations

contained in paragraph 40 are admitted, except that defendant alleges  that WATS is not the

exclusive service defined at 26 U.S.C. Section 4252(b)(2).

41.    Lacks sufficient knowledge or information to form a belief in the truth of the

allegations contained in paragraph 41 of the first amended complaint.

42.    Denies the allegations contained in paragraph 42 of the first amended complaint.

43.    Admits the allegations contained in paragraph 43 of the first amended complaint,

except lacks sufficient knowledge or information to form a belief in the truth of the allegation

that pages 7-10 were included as part of the letter identified in the first sentence of paragraph 43 of the first amended complaint.

44.    Admits the allegations contained in paragraph 44 of the first amended complaint.

45.    Denies the allegations contained in paragraph 45 of the first amended complaint.

46.    Denies the allegations contained in paragraph 46 of the first amended complaint.

47.    Lacks sufficient knowledge or information to form a belief in the truth of the allegations contained in paragraph 47 of the first amended complaint, except admits that defendant has not issued a refund to plaintiff of the federal excise tax at issue.

48.    Lacks sufficient knowledge or information to form a belief in the truth of the allegations contained in paragraph 48 of the first amended complaint.

WHEREFORE, defendant will consent to judgment to the extent that plaintiff substantiates an overpayment of federal excise taxes for the first quarter of 2002 through the fourth quarter of 2005, but otherwise prays that the remainder of this action be dismissed and that the Court award such further relief that justice may require.

LEURA G. CANARY
United States Attorney

s/ Michael N. Wilcove

_____
MICHAEL N. WILCOVE
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 14198
Ben Franklin Station
Washington, D.C.  20044
Telephone:  (202) 514-6474
Telefax: (202) 514-9868
Michael.N.Wilcove@usdoj.gov

1927075.1

## CERTIFICATE OF SERVICE

IT IS HEREBY CERTIFIED that service of the foregoing Answer to First Amended

Complaint has been made on plaintiff's counsel this 21st  day of September 2006 through the

Court's e-filing system.


s/ Michael N. Wilcove
_____
Trial Attorney, Tax Division
U. S. Department of Justice
Post Office Box 14198
Washington, D.C.  20044

1927075.1